**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Benjamin D. Bleiberg*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

June 9, 2026

**VIA ECF**
Honorable Leda Dunn Wettre
United States Magistrate Judge
Martin Luther King Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: Government's Opposition to Modified Release Conditions
*United States v. Wayne Bessant*, 25-MJ-11264

Dear Judge Wettre:

The Government submits this letter in response to Defendant Wayne Bessant's motion for pretrial release with conditions, pursuant to 18 U.S.C. § 3142 (the "Motion"), filed on June 5, 2026. (ECF No. 143.) The Defendant's Motion should be denied. As discussed further below, Bessant presents a significant risk of flight and obstruction, and has demonstrated his inability to comply with conditions of release. He has an extensive criminal history, a history of noncompliance with bail conditions and court orders, is facing a very significant term of incarceration upon conviction of the instant offense, and has access to a multitude of fake IDs and cash.

## BACKGROUND

On November 11, 2025, Bessant and 11 coconspirators were charged by Complaint with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. (ECF No. 1 ("Compl.").) The charge in the Complaint stems from a fraudulent scheme orchestrated by Bessant, in which he and his coconspirators working at his direction enriched themselves by depositing stolen commercial checks and checks issued by the United States Department of Treasury at various banks in New Jersey and Pennsylvania. As a result, the coconspirators deposited or attempted to deposit more than 100 stolen checks totaling more than $11 million between in or around March 2023 and in or around June 2025. (Compl. ¶ 9.) During this time, Bessant had three pending state cases, including two for fraud-related conduct, and was already on pretrial home confinement in one of those cases.

But home confinement did not deter Bessant. Bessant instead devised a sophisticated scheme that relied heavily on his direction of others to carry out the fraud, either with him or for him. Bessant, as the facilitator of the scheme, organized

the operation from his home in Hamilton Township, New Jersey (the "Foy Drive Hamilton Residence"). (Compl. ¶ 3.) The conspiracy was effectuated through Bessant's consistent use of the phone and Internet via email, text messages, mobile phone apps, bank websites, and government websites. (*See, e.g.*, Compl. ¶¶ 11 n.2, 12, 13, 16, 19, 23, 27, 29, 38, 39, 48, 57, 62, 67, 72, 73.)

After receiving the stolen checks, Bessant and others acquired stolen, altered, or spoofed business documents in the name of the payee victims listed on the checks using several different fraudulent methods. (Compl. ¶¶ 4-5.) Then using those documents, Bessant either created or directed his coconspirators to fraudulently open bank accounts (1) in the name of the payees, (2) in a name similar to the payees, (3) in the name of a codefendant, or (4) in the name of a codefendant's purported business. (Compl. ¶ 6.) The coconspirators would then deposit the stolen checks in the bank accounts and transfer or withdraw the stolen funds. (Compl. ¶ 7.)

Although, Bessant went to the banks himself to create the accounts, deposit checks, or withdraw the stolen funds (*see, e.g.*, Compl. ¶¶ 7, 22-24), the scheme was structured around Bessant's extensive reliance on his coconspirators to go to the banks on his and the conspiracy's behalf (*see, e.g.*, Compl. ¶¶ 6-8. 28-32).

Bessant and nine of his coconspirators were arrested on November 13, 2025, and appeared for their initial appearances before the Honorable James B. Clark. Bessant, however, alerted USMS and the Court to a possible medical emergency and his initial appearance was postponed.

On November 17, 2025, Bessant appeared before the Honorable José Almonte for his initial appearance, at which time he consented to detention with the right to make a bail application at a later date.[1]

On June 5, 2026, Bessant filed the instant Motion proposing a bail package that includes the following:

1) Release to home incarceration with electronic monitoring at the Foy Drive Hamilton Residence;
2) Release on a $200,000 surety bond secured by "the property located in Hamilton, New Jersey";
3) Bessant's grandmother to serve as third-party custodian; and
4) Restrictions on Bessant's internet use.

A hearing on the Motion was subsequently set for June 10, 2026.

[1] The remaining two charged coconspirators voluntarily surrendered on November 17, 2025, and initial appearances were held before the Honorable Ann Marie Donio and Honorable José Almonte.

**ARGUMENT**

The Court should reject Bessant's proposed bail package. Under the Bail Reform Act of 1984, federal courts consider two criteria when making determinations of release or detention: (1) risk of flight and (2) safety to the community. 18 U.S.C. § 3142(f). When making a determination regarding the eligibility of a defendant for pretrial release, the Bail Reform Act directs the Court to consider: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g). The Bail Reform Act further contemplates that detention may be appropriate in a case that involves a serious risk that a person will attempt to obstruct justice. *Id.* § 3142(f)(2)(B).

Releasing Bessant, even with the restrictive conditions he proposes, would pose a serious risk of flight and risk he will attempt to obstruct justice. Bessant has a lengthy criminal history, and a history of noncompliance with bail conditions and court orders. He is also facing a very significant term of incarceration upon conviction of the instant offense providing an incentive to flee, and has access to forged identity documents and cash to facilitate his flight.

According to the bail report prepared by Pretrial Services in November 2025, Bessant has an extensive criminal history dating back more than 25 years. Bessant's arrests, pending charges, and convictions outlined in the bail report are indicative of a career criminal that does not discriminate in his criminal activity: assaultive, harassing and disorderly conduct; drug possession and distribution; and multiple types of fraud, money laundering and ID theft.

And Bessant has a history of failing to appear and lack of compliance with court orders. For example, in one of Bessant's four pending state cases, he was released on pretrial supervision "level 3+", which the government understands to include "[s]trict home detention." Critically, despite being on strict home detention since July 2020, Bessant was completely undeterred and unhindered from continuing his criminal activities and orchestrating this fraudulent scheme between in or around March 2023 and in or around June 2025. In addition, in or around September 16, 2025, a violation of monitoring motion was filed against Bessant, with a violation of monitoring/discretionary conference scheduled for July 23, 2026.

Notably, on May 20, 2026, Bessant was ordered detained in his pending case in Burlington County – which includes charges of ID theft, forgery, and theft by deception – after the court found "by clear and convincing evidence that no amount of monetary bail, non-monetary conditions or combination of monetary bail and conditions would reasonably assure the defendant's appearance in court when required, the protection of the safety of any other person or the community, that the defendant will not obstruct or attempt to obstruct the criminal justice process." *See* Order Granting Pretrial Detention, *New Jersey v Wayne Bessant*, W-2025-000363-0320 (N.J. Super. Ct. Law Div. Burlington County Ct., May 20, 2026).

As noted in the bail report, he also failed to appear for a status conference for two cases in 2010, for which a bench warrant was issued. He also violated his conditions of supervised release in 2008, for which his supervision was revoked. According to the VOSR report in that case, in addition to arrests for multiple new crimes, Bessant left the district without permission, failed to report to his probation officer, and continued to associate with others engaged in criminal activity.

Bessant is also facing very significant time in prison as a result of the instant offense, providing a strong reason to flee. The government has tentatively calculated Bessant's criminal history as at least a category IV – without including his four pending state cases and multiple other potentially expired convictions. Based on the government's calculations of Bessant's total offense level – including applicable loss amounts and enhancements – Bessant has a total offense level of 44. Level 44 is quite literally off the chart. Consequently, if convicted, the government estimates that Bessant may face a Guidelines range of imprisonment of life. While the bank fraud conspiracy charge carries a statutory maximum sentence of 30 years, 18 U.S.C. §§ 1344, 1349, the nature of the charge and the possible punishment he faces here still create a significant incentive for Bessant to flee or otherwise fail to appear.

Bessant additionally has the access and means to create new identities, business entities, and bank accounts to successfully flee and evade capture, with millions of dollars of funds stolen by the conspiracy still unaccounted for. Bessant has multiple convictions for ID theft and forgery-related charges, three of his pending state cases involve either ID theft or forgery, and the bank fraud conspiracy charged in this case involved the use of multiple forged identities created for Bessant and his coconspirators. (*See, e.g.*, Compl. ¶¶ 18-24.) In fact, multiple fake IDs were recovered from Bessant's Foy Drive Hamilton Residence – all of which feature Bessant's photograph on authentic-looking licenses with different aliases – pursuant to a March 13, 2025 premises search warrant, including the following:

<u>Fake ID #1</u>



Fake ID #2




Fake ID #3



<u>Fake ID #4</u>




<u>Fake ID #5</u>




Bank cards in other people's names, multiple cell phones, sim cards, a money counter, and cash bands were also recovered during the search.

In addition to his risk of flight, there is also a serious risk that Bessant will attempt to obstruct justice if his proposed bail package is accepted. Bessant has already attempted to destroy and hide evidence in the case. During the March 13, 2025 search of Bessant's Foy Drive Hamilton Residence, Bessant attempted to destroy one of his cell phones and hide multiple bank cards and IDs in toilets located in the home.

<u>Toilet #1</u>




<u>Toilet #2</u>



Bessant also immediately moved stolen proceeds after he became aware of the government's investigation into him. For example, on or about March 12, 2025, the

day before the premises search warrant was executed, a stolen check for approximately $536,153.82 was deposited into a bank account controlled by Bessant. Then between on or about March 25, 2025 and on or about April 21, 2025 – after the search warrant was executed – Bessant and/or coconspirators moved the money out of the account, including approximately $15,000 in cash withdrawals.

Bessant made multiple cash withdrawals himself, often attempting to partially obscure his identity during the transactions.

<u>Withdrawal #1</u>




<u>Withdrawal #2</u>



<u>Withdrawal #3</u>




<u>Withdrawal #4</u>



Withdrawal #5



The money withdrawn after the search of his home remains unaccounted for.[2]

## CONCLUSION

For these reasons, the government concurs with the recommendation in Pretrial Services' June 10, 2026 memorandum that Bessant remain detained. Bessant's proposed bail package should be rejected and his request for pretrial release with conditions should be denied.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

*/s/ Benjamin D. Bleiberg*
By: Benjamin D. Bleiberg
Assistant United States Attorney

cc: Adalgiza A. Núñez, Esq., Counsel for Defendant

[2] The bail report further indicates that Bessant has also previously made threats to others, allegedly threatening a victim during a landlord-tenant dispute in 2007 that "I will pay top dollar to have you taken out by someone," and was charged with "Harassment - Striking/Offensive Touching/Threats" in municipal court.